No. 249　　　　April 17, 2024　　　　123

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. E. D.,
aka N. S., a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. S.,
aka J. L. S.,
*Appellant.*

Multnomah County Circuit Court
22JU05055
Petition Number T2022119
A182144

Morgan Wren Long, Judge.

Submitted March 4, 2024.

Kristen G. Williams filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kate E. Morrow, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Father appeals from a judgment terminating his parental rights to N, who was three years old at the time of the termination trial. In three assignments of error, father argues that the juvenile court erred in ruling that he was unfit under ORS 419B.504 and in ruling that terminating his parental rights was in N's best interests under ORS 419B.500. On *de novo* review as required by ORS 419A.200(6) and ORS 19.415(3)(a), we conclude that the court did not err in terminating father's parental rights. Accordingly, we affirm.

A juvenile court may terminate a parent's parental rights if the court determines that, at the time of trial, the parent is "unfit by reason of conduct or condition seriously detrimental to the child" and if integration of the child into the parent's home is "improbable within a reasonable time due to conduct or conditions not likely to change." ORS 419B.504. Moreover, termination must be in the child's best interests. ORS 419B.500(1). In reviewing *de novo*, we examine the record "with fresh eyes" to determine whether the evidence developed before the juvenile court persuades us that those legal requirements for termination were met. *See Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750, 432 P3d 1186 (2018), *rev den*, 365 Or 556 (2019). In so doing, we generally defer to the juvenile court's demeanor-based credibility findings but not to findings that "appear to have been driven by a comparison of the testimony with the substance of other evidence." *Dept. of Human Services v. H. R. E.*, 297 Or App 247, 248 n 3, 441 P3d 726 (2019).

After reviewing the entire record, including giving weight to the juvenile court's demeanor-based credibility findings, we conclude that the court did not err in terminating father's parental rights. Father has a substance abuse problem, has been in a domestically violent relationship with N's mother (who previously relinquished her parental rights to N and is not a party to this appeal), and does not have a viable plan for N's return. Father's substance abuse and violence toward mother occurred throughout N's life, and the record demonstrates that father has failed to take sufficient steps to take accountability for or to ameliorate that

conduct. Thus, taking into account the record as a whole, we conclude that conduct or conditions existed at the time of the termination trial that are seriously detrimental to N and that integration of N into father's home is improbable within a reasonable time. Moreover, given that N has been in temporary care since N was four months old and that N needs permanency as soon as possible because of N's heightened needs, we are persuaded that it is in N's best interests for father's parental rights to be terminated.

Affirmed.